UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

STEPHANIE BAIYASI,

    Plaintiff,

v

DELTA COLLEGE and DAVID
BAILEY, in his individual and official
capacity, Jointly and Severally,

    Defendants.

_____/

Case No. 1:11-cv-13094-TLL-CEB

HON. THOMAS L. LUDINGTON

VICTOR J. MASTROMARCO, JR. (P-34564)
MANDA L. DANIELESKI (P-62597)
Attorneys for Plaintiff
1024 North Michigan Avenue
Saginaw, Michigan 48602
(989) 752-1414

**CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.**
By:   **EILEEN K. HUSBAND** (P-38059)
33900 Schoolcraft
Livonia, Michigan 48150
(734) 261-2400
Attorneys for **Defendants**
_____/

## DEFENDANTS' FIRST AMENDED MOTION FOR SUMMARY JUDGMENT

    **NOW COME** Defendants, DELTA COLLEGE and DAVID BAILEY, by and through their attorneys, **CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.**, by **EILEEN K. HUSBAND**, and move this Court pursuant to Fed. R. Civ. P. 12(b)(6) and 56(c) and in support thereof, state as follows:

On September 9, 2011 defense counsel sought the concurrence of Plaintiff's counsel in this Motion in correspondence and explained the nature of the Motion and its legal basis and concurrence was not obtained.

1.     Plaintiff's Count I alleging violations of the First and Fourteenth Amendments to the United States Constitution against Delta College under 42 U.S.C. §1983 fails to state a claim upon which relief can be granted as Plaintiff has failed to identify a policy or custom of religious discrimination required to support a §1983 action.

2.     Plaintiff's Count I is also statutorily barred by Plaintiff's failure to obtain a right-to-sue letter for the true nature of a Title VII claim pled in Count I.

3.     Count III alleging violations of due process and breach of policy fail to state a claim because:

    i.     Plaintiff did not have a protected property interest in tenure or in a reappointment.

    ii.     Alternatively, Plaintiff received due process.

    iii.     The Court should show deference to the academic decisions of the College.

4.     Count II alleges violations of state law and the Court may decline to exercise jurisdiction of Plaintiff's state law claims with the dismissal of the Plaintiff's federal claims.

5.     To the extent Plaintiff has attempted to plead federal claims against Bailey individually, he is entitled to qualified immunity.

6.     Plaintiff's Count IV fails to plead a prima facie case of religious discrimination under Title VII.

7. Plaintiff has failed to plead facts establishing the College's reasons for denying her tenure were a pretext for religious discrimination.

8. The Plaintiff has failed to plead a prima facie case of retaliation.

9. Defendants reserve the right to file a future Motion for Summary Judgment in the event the Court declines to grant this Motion.

**WHEREFORE**, Defendants respectfully request the Court grants its Motion for Summary Judgment and award costs and attorney fees to the Defendants against the Plaintiff and her attorneys and any other equitable relief the Court deems appropriate.

                                            s/Eileen K. Husband
                                            33900 Schoolcraft
                                            Livonia, MI  48150
                                            Phone:  (734) 261-2400
                                            Primary E-mail: ehusband@cmda-law.com
                                            P-38059

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

STEPHANIE BAIYASI,

      Plaintiff,

v

      Case No. 1:11-cv-13094-TLL-CEB

      HON. THOMAS L. LUDINGTON

DELTA COLLEGE and DAVID
BAILEY, in his individual and official
capacity, Jointly and Severally,

      Defendants.
_____/

VICTOR J. MASTROMARCO, JR. (P-34564)
MANDA L. DANIELESKI (P-62597)
Attorneys for Plaintiff
1024 North Michigan Avenue
Saginaw, Michigan 48602
(989) 752-1414

**CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.**
By:    **EILEEN K. HUSBAND** (P-38059)
33900 Schoolcraft
Livonia, Michigan 48150
(734) 261-2400
Attorneys for **Defendants**
_____/

**DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF DEFENDANTS'
FIRST AMENDED MOTION FOR SUMMARY DISPOSITION ADDRESSING
COUNT IV OF PLAINTIFF'S FIRST AMENDED COMPLAINT
ENTITLED "VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS
ACT OF 1964 FOR RELIGIOUS DISCRIMINATION AND RETALIATION**

**TABLE OF CONTENTS**

**PAGE**

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

LEGAL ARGUMENTS

I.     PLAINTIFF'S COUNT IV FAILS TO PLEAD A
PRIMA FACIE CASE OF RELIGIOUS
DISCRIMINATION UNDER TITLE VII . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.    PLAINTIFF HAS FAILED TO PLEAD FACTS
ESTABLISHING THE COLLEGE'S REASONS
FOR DENYING HER TENURE WERE A PRETEXT
FOR RELIGIOUS DISCRIMINATION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

III.   THE PLAINTIFF HAS FAILED TO PLEAD A
PRIMA FACIE CASE OF RETALIATION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

# INDEX OF AUTHORITIES

**PAGE**

**CASES**

*Agarwal v. Regents of University of Minnesota*, 788 F.2nd 504
  (8th Cir. 1986)....................................................... 7

*Bray v. Douglas County*, 2007 U.S. App. LEXIS 2370............................... 7

*Daron v. Premdor Entry System*, 1998 U.S. App. LEXIS 3110 -17
  p. 5 (6th Cir. 1998)..................................................... 6

*Diop v. Wayne County Community College*, 242 F. Supp. 2nd 497 at
  510-511 (E.D. Mich. Southern Div. 2003)....................................... 3

*Flughen v. John E. Potter*, 2010 U.S. Dist. LEXIS 118323 citing *Desert Palace,
  Inc. v. Costa*, 539 U.S. 90, 99-100, 123 S. Ct. 2148, 2154 (2003).............. 2

*Gordon v. Saginaw Public Schools*, 2011 U.S. Dist. LEXIS 13463
  at p. 15 (E.D. Mich. Northern Div.)........................................... 6

*Haywood v. Lucent Technologies*, 169 F. Supp. 2nd 890 ..................... 3

*Jacklyn v. Schering-Plough*, 176 F.3d 921, p. 926-927 (6th Cir. 1999)...... 2

*Kephart v. Institute of Gas Tech.*, 630 F.2nd 1217, 1223 (7th Cir. 1980)... 6

*Manzer v. Diamond Shamrock Chems. Co.*, 29 F.3rd 1078, 1081 (6th Cir. 1994)....... 2

*McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802; 93 S. Ct.
  1817, 1824 (1973)............................................................. 5

*Patterson v. Coffey v. Indiana Newspapers*, 589 F.3rd 357 2009 U.S.
  App. LEXIS 26692 (7th Cir. 2009).......................................... 7

*Pinkston v. Accretive Health*, 210 U.S. Dist. LEXIS 3163 E.D.
  Mich. Northern Div. ........................................................ 2

*Ploscowe v. Cadant, et. al.*, 121 F. Ed. Appx. 67; 2005 U.S. App. LEXIS
  353 (6th Cir. January 5, 2005) citing *Smith v. City of Salem*, 378 F.3rd
  566, 570 (6th Cir. 2004)................................................ 9

***Ramanathan v. Wayne State University***, 480 Mich. 1090, 745
  N.W.2d 115 (2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

***Tepper v. Potter***, 505 F.3rd 508, 515 (6th Cir. 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

## **COURT RULES**

42 U.S.C. §2000 et. seq... . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

F.R.E. 801. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**STATEMENT OF QUESTIONS PRESENTED**

I.     WHETHER PLAINTIFF'S COUNT IV FAILS TO PLEAD A PRIMA FACIE CASE OF RELIGIOUS DISCRIMINATION UNDER TITLE VII ?

    Plaintiff answers "No."
    Defendants answer "Yes."

II.     WHETHER PLAINTIFF HAS FAILED TO PLEAD FACTS ESTABLISHING THE COLLEGE'S REASONS FOR DENYING HER TENURE WERE A PRETEXT FOR RELIGIOUS DISCRIMINATION?

    Plaintiff answers "No."
    Defendants answer "Yes."

III.     WHETHER THE PLAINTIFF HAS FAILED TO PLEAD A PRIMA FACIE CASE OF RETALIATION?

    Plaintiff answers "No."
    Defendants answer "Yes."

## INTRODUCTION

On July 18, 2011, Plaintiff filed her original Complaint in this case. On September 9, 2011, Defendants filed their original Motion for Summary Judgment in lieu of answering the Plaintiff's Complaint. Plaintiff filed a response to the Motion and Defendants filed a Reply. The Motion was scheduled to be heard on December 21, 2011. Subsequent to Defendants' Reply Brief, and prior to the hearing date, the Plaintiff sought to amend her Complaint to add a Count IV entitled "Count IV Violations of Title VII of the Civil Rights Act of 1964 for Religious Discrimination and Retaliation." Based on the stipulation of the Parties the Court entered an Order allowing the Plaintiff to file an Amended Complaint and for the Defendants to Supplement their pending Motion. This Brief addresses Count IV and is a supplement to Defendants' Brief in Support of its original Motion for Summary Judgment. Defendants anticipate filing a Reply Brief to the Plaintiff's Response Brief.

## LEGAL ARGUMENTS

### I. PLAINTIFF'S COUNT IV FAILS TO PLEAD A PRIMA FACIE CASE OF RELIGIOUS DISCRIMINATION UNDER TITLE VII.

Stephanie Baiyasi ("the Plaintiff") claims in Count IV of Plaintiff's Amended Complaint that Delta College's ("the College") decision to deny her tenure and terminate her employment was motivated by religious discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000 et. seq.[1] Plaintiff claims she was intentionally discriminated against by the Science Department Chair, David Bailey ("Bailey"), who alleged held a bias against Christians. She asserts

---

[1] Plaintiff does not claim that she was discharged for failing to comply with an employment requirement that conflicted with her religious beliefs. Nor does she claim that she requested and was refused an accommodation for a religious belief. Further, the Plaintiff does not claim she was discriminated against on a disparate impact theory. Plaintiff's claim rests solely on a disparate treatment theory.

Mr. Bailey's alleged anti-Christian bias was the motivation for his determination not to recommend her for tenure and the College's decision to deny her tenure and terminate her employment. The viability of this claim depends on whether the Plaintiff has pled sufficient facts to show her religion motivated the College's decisions regarding her employment.

A Title VII plaintiff must present either direct or circumstantial facts of intentional discrimination to prove their case. ***Flughen v. John E. Potter***, 2010 U.S. Dist. LEXIS 118323 (E.D. Mich. Southern Div. No. 5, 2010) (Ex. 1) citing ***Desert Palace, Inc. v. Costa***, 539 U.S. 90, 99-100, 123 S. Ct. 2148, 2154 (2003).

> ***Direct evidence is that evidence which, if believed, requires the conclusion that unlawful discrimination was at least a motivating factor in the employee's actions***. ***Jacklyn v. Schering-Plough Health Care Products. Sales Corp.***, 176 F.3rd 921, 926 (6th Cir. 1999). ***Circumstantial evidence, by contrast, is evidence from which the jury may infer discriminatory intent***. ***Manzer v. Diamond Shamrock Chems. Co.***, 29 F.3rd 1078, 1081 (6th Cir. 1994). ***Flughen, supra*** at 11-12.

The Plaintiff has failed to plead or produce any direct evidence of discrimination. The Plaintiff's Complaint merely pleads conclusions based on unsupported speculation, and antidotes based on hearsay. Specifically, Plaintiff rests her entire Complaint on the hearsay allegation that a co-worker informed the Plaintiff that Defendant Bailey purportedly stated to the co-worker that he wanted to "crush all Christians" referring to them as "bugs" (Plaintiff's Complaint, ¶28) (which Defendant Bailey denies having any recollection of). Plaintiff's proffered facts are merely hearsay under F.R.E. 801. See ***Jacklyn v. Schering-Plough***, 176 F.3d 921, p. 926-927 (6th Cir. 1999). (where the plaintiff's affidavit that her manager told her that he had heard the plaintiff's boss say he did not want any "skirts" working for him was ruled to be inadmissible hearsay under F.R.E. 801). According to this Court in ***Pinkston v. Accretive Health***, 210 U.S. Dist. LEXIS 3163 (E.D. Mich.

2

Northern Div. January 15, 2010) (Ex. 1), such *"**Hearsay evidence may not be considered on summary judgment**"*.

Even if this Court were to consider the alleged statement of the Plaintiff's co-worker, the alleged statement is an isolated stray remark insufficient to establish direct evidence of discrimination.

> ***"Direct evidence of discrimination must not only speak directly to the issue of discriminatory intent it must also be related to the specific employment decision in question. Seemingly stray remarks can qualify as direct evidence only if they related to the employment decision in question. To be probative of discrimination, the isolated comments must be contemporaneous with the employment decision or causally related to the decision making process. If no connection is established, the remarks are insufficient by themselves to give rise to an inference of discrimination even when uttered by the ultimate decision maker"***. *Haywood v. Lucent Technologies, ,* 169 F. Supp. 2d. 890 at 908, 909, 910.

The Plaintiff fails to provide facts identifying the context in which the alleged statement was made, when it was made and whom it was directed to. The Plaintiff does not claim present any facts nor does she claim that the alleged statement was made concerning her. Further, the Plaintiff fails to identify any other times the statement was allegedly made. Plaintiff also fails to set forth any facts indicating the alleged statement was made contemporaneously with or in reference to Bailey's recommendation against tenure and/or the Council of Chairs' decision. Importantly, the Plaintiff has failed to set forth any facts showing how the alleged statement relates to Bailey's recommendation to the College that the Plaintiff not be granted tenure or the Council of Chairs decision to deny her tenure.

As the Court in *Haywood* noted ***"bigotry per se is not actionable. It is actionable only if it results in injury to a plaintiff and there must be a real link between the bigotry and an adverse employment action"***. *Haywood, supra* p. 9-10. See also, ***Diop v. Wayne County Community***

3

*College*, 242 F. Supp. 2nd 497 at 510-511 (E.D. Mich. Southern Div. 2003) where Summary Judgment was granted for college on a Title VII race discrimination claim alleging the instructor was denied a promotion to full time chemistry instructor due to race because the Plaintiff relied on insufficient stray remarks).

In ***Ploscowe v. Kadant, et. al.***, 121 Fed. Appx. 67; 2005 U.S. App. LEXIS 353 (6th Cir. January 6, 2005) (Ex. 1), ***Ploscowe*** claimed that he was fired from his job because he was Jewish. ***Ploscowe*** claimed he was subjected to negative comments about his religion and was otherwise stigmatized for his religious beliefs. He claimed that when he requested the opportunity to decorate the lobby for Hannakah, which was already decorated with Christmas decorations, he was told by the Director of Human Resources "***If you want Hannakah decorations you go out and buy them yourself and put them up yourself***". He also alleged that employees told Jewish jokes in his presence and that other employees treated him in a "standoffish" manner. A co-worker told him words to the effect "***Your people killed my God***". In addition, one of ***Ploscowe's*** supervisors displayed a Nazi flag in his office and when ***Ploscowe*** complained about the presence of the flag he was told "***thicken up your skin***". ***Ploscowe*** also claimed that the Vice-President of operations who was in the direct line of management over ***Ploscowe*** handed out crosses to employees in his department but did not give a cross to ***Ploscowe***. ***Ploscowe*** claimed that these facts both individually and cumulatively led to his belief that he was being singled out because of his Jewish faith. The Court found that the foregoing statements and activity was not direct evidence of discrimination. ***Ploscowe, supra*** at p. 70-71.

In ***Haywood, supra***, the African-American female plaintiff claimed that her supervisor told her he was ***"tired of helping African-American women because all they do is complain about the***

*slightest little thing*". She also claimed her supervisor said to her on unspecified occasions that ***"the problem with black women is that all you do is either complain or you are going to leave".*** She also claimed that other employees told her about similar comments the supervisor had made to them. The Court held that the comments did not constitute direct evidence of a discriminatory motivation regarding the plaintiff's termination because although the alleged derogatory comments were made by the decision maker, there was no evidence that they were expressed contemporaneously with or in reference to the employment action in question. ***Haywood, supra*** p. 908.

    Similarly, the stray remark asserted by the Plaintiff does not constitute direct evidence of a religious discriminatory motive. Assuming arguendo, Bailey was biased against Christians, which the Defendants deny, Plaintiff has failed to plead any facts requiring the conclusion that he exercised that bias against the Plaintiff. Plaintiff only pleads that Bailey recommended that she not be granted tenure, that she was Christian, the Bailey knew she was Christian, that Bailey held a bias against Christians and therefore he must have recommended against her tenure because she is Christian. The absence of facts connecting the alleged bias and Bailey's recommendation is too great to make this conclusion. Importantly, the Plaintiff fails to plead facts casually linking the alleged bias to Bailey's recommendation and the Council of Chairs' decision to deny her tenure to establish a prima facie case. Therefore, she has failed to plead any facts or direct evidence of intentional discrimination.

    Absent direct evidence of discriminatory intent, the Plaintiff's Complaint is subject to the burden shifting analysis under ***McDonnell Douglas Corp. v. Green***, 411 U.S. 792, 802; 93 S. Ct. 1817, 1824 (1973). Under this analysis, the Plaintiff must first plead and prove by a preponderance of the evidence a prima facie case of discrimination. ***Flughen, supra*** at 11. To plead and prove a

5

prima facie case of religious discrimination, the Plaintiff must plead facts showing; (1) that she was a member of a protected class; (2) she experienced an adverse employment action; (3) that she was qualified for the position and (4) that she was replaced by a person outside of the protected class or that he/she was treated differently than similarly situated employees. *Flughen, supra* at 12-13 quoting ***Tepper v. Potter***, 505 F.3rd 508, 515 (6th Cir. 2007). ***Daron v. Premdor Entry System***, 1998 U.S. App. LEXIS 3110 -17 p. 5 (6th Cir. 1998). (Ex. 1)

The Plaintiff has pled facts to support elements one and two but has failed to plead facts supporting elements three and four. As to element three, the Plaintiff has failed to plead facts demonstrating she was qualified for a tenure position. As this Court recognized in ***Gordon v. Saginaw Public Schools***, 2011 U.S. Dist. LEXIS 13463 at p. 15 (E.D. Mich. Northern Div. February 10, 2011) (Ex. 1):

> ***To demonstrate that he was qualified, plaintiff "must prove that he was performing his job at a level which met his employer's legitimate expectations***. *McDonald v. Union Camp Corp.*, 898 F.2nd 1155, 1160 (6th Cir. 1990) quoting ***Huhn v. Koehring***, 718 F.2nd 239, 243 (7th Cir. 1983). ***If a plaintiff was not doing what his employer wanted him to do, he was not doing his job . . . [and this] does not raise a material issue of fact on the question of the quality of his work merely by challenging the judgment of his supervisors.*** Quoting ***Kephart v. Institute of Gas Tech.***, 630 F.2nd 1217, 1223 (7th Cir. 1980).

It is the employer's motivation that is the key factor, not the employee's perception about his abilities or skills that determines whether the Plaintiff is qualified. ***Gordon v. Saginaw Public Schools, supra***. The College's legitimate non-discriminatory reasons for denying the Plaintiff tenure as described later in Section II of this Brief show that she was not qualified for a tenure position.

Regarding element four, the Plaintiff has failed to plead facts demonstrating that any similarly situated tenure-track instructor outside her protected religious class was treated differently

than the Plaintiff.  This is fatal to Plaintiff's claim.  ***Agarwal v. Regents of University of Minnesota***, 788 F.2nd 504 (8th Cir. 1986).  (Summary judgment affirmed for University on former tenured professor's Title VII religious discrimination claim because he did not establish that he was treated differently than similarly situated professors due to his religion).  ***Bray v. Douglas County***, 2007 U.S. App. LEXIS 2370 (8th Cir. 2007) (Ex. 1); ***Patterson v. Coffey v. Indiana Newspapers***, 589 F.3rd 357.  Since the Plaintiff has not satisfied element four the Plaintiff has failed to establish a prima facie case and she cannot succeed on her claims as a matter of law.  Consequently, this Court's analysis may end here with summary judgment for the Defendant.

    **II.**    **PLAINTIFF HAS FAILED TO PLEAD FACTS ESTABLISHING THE COLLEGE'S REASONS FOR DENYING HER TENURE WERE A PRETEXT FOR RELIGIOUS DISCRIMINATION.**

Should this Court determine that the Plaintiff has established a prima facie case of discrimination, her claim nevertheless fails because she has failed to plead facts demonstrating that the College's legitimate reasons for denying her tenure were a pretext for religious discrimination.  Once a plaintiff has established a prima facie case of discrimination, it is the defendants' burden to provide a legitimate non-discriminatory reason for the employment action.  The plaintiff then bears the ultimate burden of providing factual evidence that the reasons offered by the employer for the employment action are a pretext for discrimination.  ***McDonnell-Douglas v. Green, supra.***  The Plaintiff has not and cannot meet this burden.

As early as February of 2009, before Mr. Bailey even became Chair of the Science Department, the Council of Chairs identified the shortcomings in the Plaintiff's teaching effectiveness and concerns regarding her collegiality which eventually formed the basis for denying her final application for tenure.  In February of 2009, Academic Dean, Karen Wilson, recommended

to the Vice-President of the College that the Plaintiff not be granted tenure. Her recommendation was based on an advisory vote of the Division Chairs who had formed the opinion that the Plaintiff did not satisfy all the criteria for tenure. In Dean Wilson's Memo to the Vice-President of the Campus, Dean Wilson indicated that Ms. Baiyasi "***[had] not demonstrated teaching effectiveness and student learning and attitudes to warrant tenure***". (Ex. 2). Additional concerns of the Council of Chairs were identified in a Performance Improvement Plan that the Plaintiff signed under a two year extension to demonstrate she could meet the criteria for tenure. (Ex. 4). The Performance Improvement Plan addressed multiple areas of concern identified by the Council of Chairs including without limitation:

- ***The need to show continued teaching effectiveness***
- ***The need to become more aware of issues associated with collegiality and functioning with credibility within the broader Campus community***
- ***The need to demonstrate the ability to exercise appropriate self-reflection and judgment within her classroom and within her interactions with others on Campus and with the initiatives she chooses to engage.***
- ***The need to increase her awareness of how others perceive her both in the classroom and on Campus.*** (Ex. 3).

Although the Plaintiff made improvements in these areas during the extension, the Division Tenure Committee Review Members who worked most closely with the Plaintiff continued to have concerns about the Plaintiff's ability to meet the tenure requirements. (Ex. 5). As a result, Mr. Bailey as Department Chair, determined that he could not recommend the Plaintiff for tenure. After Mr. Bailey advised the Plaintiff of this she accused Mr. Bailey for the first time of being biased against her as a Christian. Mr. Bailey set forth the reasons for not recommending the Plaintiff for tenure in a draft document entitled the "Chair Recommendation And Support Rationale" as follows:

> ***Additional statement from Division Chair. With difficulty, I have decided to not support Stephanie's application for tenure. Stephanie only marginally earned support by one vote. The five negative votes were not evenly distributed***

> *throughout the members of the Division. It came primarily from the individuals who worked most closely with Stephanie. Given the marginal vote of support and the distribution of the negative votes within Stephanie's discipline, I am unable to support her application.*
>
> *It was my hope that Stephanie would be able to achieve tenure by addressing the concerns about her teaching effectiveness. Since her last application concerns regarding collegiality have arisen and taken a more central role in the Science Division's discussion. While these concerns are new as the over-riding theme in the discussion, they have been present in previous discussions. It appears that over the last year, Stephanie was unable to adequately read and respond to the needs of her colleagues in a reliable manner. As the Science Division Chair, this aspect of the vote is a significant concern.* (Ex. 20 to Defendants' Brief in Support of its original Motion for Summary Judgment). (Emphasis added). (Ex. 5)

The Plaintiff has failed to plead any facts in the Complaint to show that the rationale for Mr. Bailey's decision to not support the Plaintiff's application for tenure was not based on the foregoing but was caused by his alleged bias against Christians. Further, she has failed to plead any facts that the Council of Chairs' determination that she did not meet the tenure criteria was a pretext for religious discrimination. Therefore, she cannot establish that the reasons offered for the denial of her tenure and termination were a pretext for religious discrimination and the Plaintiff's claim fails.

### III. THE PLAINTIFF HAS FAILED TO PLEAD A PRIMA FACIE CASE OF RETALIATION.

To establish a prima facie case of retaliation under Title VII, the Plaintiff must establish that

> *(1)   He engaged in activity protected by Title VII;*
> *(2)   The defendant knew he engaged in this protected activity;*
> *(3)   Thereafter, the defendant took an employment action adverse to him; and*
> *(4)   There was a causal connection between the protected activity and the adverse employment action. **Ploscowe v. Kadant, et. al.**,* 121 F. Ed. Appx. 67; 2005 U.S. App. LEXIS 353 (6th Cir. January 5, 2005) citing ***Smith v. City of Salem***, 378 F.3rd 566, 570 (6th Cir. 2004).

The Plaintiff has not pled facts or provided evidence to establish element four. In order to establish a causal connection, the Plaintiff must plead facts and evidence from which an inference

9

could be drawn that the adverse action would not have been taken had the Plaintiff not engaged in protected activity. ***Ploscowe, supra*** at 74. The Plaintiff alleges that she was denied tenure in response to the fact that she had complained about Bailey's alleged religious discrimination to Human Resources and to the President of the College. The performance issues and lack of collegiality which ultimately formed the basis for the Council of Chairs' last decision to deny the Plaintiff tenure were first identified by the Council of Chairs prior to Mr. Bailey becoming Chair of the Science Division and prior to her alleged internal complaints. Since these issues were identified before the internal complaints it is impossible for the complaints to have caused the final denial of tenure which was based on previously identified issues that the Plaintiff did not successfully address. As a result, Plaintiff has failed to plead facts or produce evidence that she would not have been denied tenure if she had not made the alleged internal reports of discrimination.

Also, Plaintiff alleges she reported to Karen Wilson concerns about Bailey's alleged bias against Christians in 2008, two years prior to her application for tenure in 2010. Two years is too wide of a time span to make a casual connection between her alleged discussion with Wilson and the 2011 denial of her tenure and her termination. ***Ramanathan v. Wayne State University***, 480 Mich. 1090, 745 N.W.2d 115 (2008).

Plaintiff also asserts in her Affidavit that she complained to Human Resources after the Council of Chairs' decision. Therefore, it is impossible for her internal complaint to Human Resources to have motivated the denial of her tenure and termination.

Lastly, Plaintiff asserts in her Affidavit that after her appeal was denied by the Council of Chairs and after she had been warned of the consequential termination, that she complained of religious discrimination to the College President Dr. Goodnow and College Board of Trustee, Dr.

Emrich.  Since these alleged complaints were made <u>after</u> the appeal it is not possible for the complaints to have caused the College to deny her tenure and terminate her.

Thus, she has failed to establish the required causal link between the denial of her tenure and termination and the alleged internal reports of discrimination.  Since the Plaintiff cannot establish element four, she has failed to establish a prima facie case of retaliation and summary judgment for the Defendant is proper.

**WHEREFORE**, Defendant respectfully requests the Court grant its Motion for Summary Judgment on Count IV of the Plaintiff's First Amended Complaint and award costs and attorney fees to the Defendants for having to respond to Plaintiff's frivolous First Amended Complaint and any other equitable relief the Court deems appropriate.

                s/Eileen K. Husband
                33900 Schoolcraft
                Livonia, MI  48150
                Phone:  (734) 261-2400
                Primary E-mail: ehusband@cmda-law.com
                P-38059

---

**CERTIFICATE OF SERVICE**

I hereby certify that on January 25, 2012,  I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:  Victor Mastromarco, Jr.

                s/Eileen K. Husband
                Cummings, McClorey, Davis & Acho, P.L.C.
                33900 Schoolcraft
                Livonia, Michigan  48150
                Phone:  (734) 261-2400
                Primary E-mail: ehusband@cmda-law.com
                P 38059

P:\lsv\delta(baiyasi)suppbsmj1-24-12.wpd

12