UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

STEPHANIE BAIYASI,

    Plaintiff,

v

DELTA COLLEGE and DAVID
BAILEY, in his individual and official
capacity, Jointly and Severally,

    Defendants.
_____/

Case No. 1:11-cv-13094-TLL-CEB

HON. THOMAS L. LUDINGTON

VICTOR J. MASTROMARCO, JR. (P-34564)
MANDA L. DANIELESKI (P-62597)
Attorneys for Plaintiff
1024 North Michigan Avenue
Saginaw, Michigan 48602
(989) 752-1414

**CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.**
By:   **EILEEN K. HUSBAND** (P-38059)
33900 Schoolcraft
Livonia, Michigan 48150
(734) 261-2400
Attorneys for **Defendants**
_____/

**DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT,
AFFIRMATIVE DEFENSES AND RELIANCE UPON JURY DEMAND**

    **NOW COME** Defendants, DELTA COLLEGE and DAVID BAILEY, by and through their

attorneys, **CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.**, by **EILEEN K. HUSBAND**,

and for their Answer to Plaintiff's Second Amended Complaint, state as follows:

## **COMMON ALLEGATIONS**

1. Answering Paragraph 1, Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leaves the Plaintiff to her proofs.

2. Answering Paragraph 2, Defendants admit the allegations contained therein for the reason that they are true.

3. Answering Paragraph 3, Defendants deny the allegations contained therein for the reason that they are untrue.

4. Answering Paragraph 4, Defendants admit the allegations contained therein for the reason that they are true.

5. Answering Paragraph 5, Defendants admit the allegations contained therein for the reason that they are true.

6. Answering Paragraph 6, Defendants deny they have violated any Federal or State laws as alleged in Plaintiff's Complaint.

7. Answering Paragraph 7, Defendants deny the allegations contained therein for the reason that they are untrue.

8. Answering Paragraph 8, Defendants deny the allegations and underlying allegations of Paragraph 8 as untrue.

9. Answering Paragraph 9, Defendants deny the allegations and underlying allegations of Paragraph 9 as untrue.

10. Answering Paragraph 10, Defendants deny the allegations and underlying allegations of Paragraph 10 as untrue.

11. Answering Paragraph 11, Defendants admit the allegations contained therein for the reason that they are true.

12. Answering Paragraph 12, Defendants admit, David Bailey was for a period of Plaintiff's employment, the Chairperson of the Science Department but deny the remaining allegations and underlying allegations as untrue.

13. Answering Paragraph 13, Defendant Bailey admits he did not recommend Plaintiff for her last application for tenure and did not recommend her contract be renewed but denies the remaining allegations and underlying allegations as untrue.

14. Answering Paragraph 14, Defendants admit Plaintiff told Defendant's Human Resource Department about concerns she had regarding Mr. Bailey and Plaintiff was informed of the Senate Grievance Procedure and Complaint Procedure for Equity and Plaintiff declined the opportunity to submit an internal complaint or a grievance. Defendants deny the remaining allegations as untrue.

15. Answering Paragraph 15, Defendants deny the allegations contained therein for the reason that they are untrue.

16. Answering Paragraph 16, Defendants deny the allegations and underlying allegations of Paragraph 16 as untrue.

17. Answering Paragraph 17, Defendants deny the allegations and underlying allegations of Paragraph 17 as untrue.

18. Answering Paragraph 18, Defendants deny the allegations and underlying allegations of Paragraph 18 as untrue.

19. Answering Paragraph 19, Defendants deny the allegations and underlying allegations of Paragraph 19 as untrue.

20. Answering Paragraph 20, Defendants admit, but deny they have violated any Federal laws.

21. Answering Paragraph 21, Defendants deny they acted wrongfully and deny they have caused any damages to the Plaintiff.

22. Answering Paragraph 22, Defendants deny they acted wrongfully and deny they have caused any damages to the Plaintiff.

23. Answering Paragraph 23, Defendants deny they acted wrongfully and deny they have caused any damages to the Plaintiff.

24. Answering Paragraph 24, Defendants deny they acted wrongfully and deny they have caused any damages to the Plaintiff.

### COUNT I - VIOLATIONS TO THE 1ST AND 14TH AMENDMENTS TO THE UNITED STATES CONSTITUTION AGAINST DELTA COLLEGE

25. Defendants incorporate herein by reference each and every Answer contained in Paragraphs 1 through 24 above as if more fully restated herein.

26. Answering Paragraph 26, Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leaves the Plaintiff to her proofs.

27. Answering Paragraph 27, Defendants deny the allegations as untrue as Defendant Bailey denies any knowledge of the Plaintiff's alleged involvement in campaigning to get "creation science" as part of the curriculum.

28. Answering Paragraph 28, Defendants deny the allegations as untrue.

29. Answering Paragraph 29, Defendants have no basis from which to deny or admit the Plaintiff's beliefs but deny the allegations as untrue.

30. Answering Paragraph 30, Defendants admit Defendant Bailey was the Chair of the Science Department at the time of the alleged events but deny the remaining allegations and underlying allegations as untrue.

31. Answering Paragraph 31, Defendants admit the allegations contained therein for the reason that they are true.

32. Answering Paragraph 32, Defendants deny the allegations and underlying allegations as untrue.

33. Answering Paragraph 33, Defendants Bailey admits the allegations contained therein for the reason that they are true.

34. Answering Paragraph 34, Defendants deny the allegations and underlying allegations as untrue.

35. Answering Paragraph 35, Defendants deny the allegations and underlying allegations as untrue.

36. Answering Paragraph 36, Defendants admit Bailey was a member of the Council of Chairs but deny the remaining allegations as untrue.

37. Answering Paragraph 37, Defendants deny Defendant Bailey made the alleged statement and denies it had any knowledge of the alleged statement. Defendants admit Bailey was for a time the Chair of the Science Department. Defendants deny the remaining allegations as untrue.

38. Answering Paragraph 38, Defendants deny the Plaintiff complained to Dean Karen Wilson about any alleged religious discrimination by Defendant Bailey and deny the remaining allegations as untrue.

39. Answering Paragraph 39, Defendants admit Plaintiff met with Karen Wilson regarding a concern about Bailey discussing her denial of tenure with another faculty member, but denies the remaining allegations as untrue. This is the only meeting Defendant is aware of Plaintiff had with Karen Wilson.

40. Answering Paragraph 40, Defendants deny Plaintiff made a complaint of religious discrimination or retaliation to Karen Wilson and, therefore, denies the remaining allegations as untrue.

41. Answering Paragraph 41, Defendants admit Plaintiff met with Tamie Grunow and Plaintiff made the allegations contained in Paragraph 41 to Ms. Grunow and Ms. Grunow directed Plaintiff to the Senate Grievance Policy and Equity Office Complaint procedure.

42. Answering Paragraph 42, Defendants admit a lack of collegiality among co-workers was a concern among the Plaintiff's division peers, David Baily, and the Council of Chairs but deny the remaining allegations as untrue.

43. Answering Paragraph 43, Defendants deny the allegations and underlying allegations as untrue.

44. Answering Paragraph 44, Defendants admit Plaintiff met with Tamie Grunow to discuss concerns about a peer review meeting process but deny the remaining allegations and underlying allegations as untrue.

45. Answering Paragraph 45, Defendants admit that the Plaintiff met with Tamie Grunow on November 16, 2010 and informed Tamie Grunow she was concerned that Bailey did not recommend her for tenure because she was Christian. Grunow offered to conduct an investigation once the Plaintiff completed and submitted a grievance under the Senate Policies or a complaint with the Equity Officer and provided Plaintiff with copies of both policies and procedures and Plaintiff declined to pursue the matter.

46. Answering Paragraph 46, Defendants deny Bailey made an alleged comment regarding Plaintiff's religion. Defendants deny Baily made any alleged comments regarding the Plaintiff's religion. Defendant Bailey admits he recused himself from the Council of Chairs vote. Defendant Bailey's letter to the Board speaks for itself and Defendants deny Plaintiff's characterization of the letter and deny it was for the purpose of alleged retaliation. Defendants deny the remaining allegations as untrue.

47. Answering Paragraph 47, Defendants deny the allegations and underlying allegations as untrue.

48. Answering Paragraph 48, Defendants deny the allegations and underlying allegations as untrue.

49. Answering Paragraph 49, Defendants deny the allegations as untrue. Defendant Bailey denies having any knowledge of the Plaintiff's alleged activities and denies the remaining allegations as untrue.

50. Answering Paragraph 50, Defendants deny Bailey arranged, scheduled or promoted the presentation of a speaker as alleged in this paragraph.

51. Answering Paragraph 51, Defendants deny the allegations and underlying allegations as untrue.

52. Answering Paragraph 52, Defendants deny the allegations and underlying allegations as untrue.

53. Answering Paragraph 53, Defendants deny the allegations and underlying allegations as untrue.

54. Answering Paragraph 54, Defendants deny the allegations and underlying allegations as untrue.

55. Answering Paragraph 55, Defendants deny the allegations and underlying allegations as untrue.

56. Answering Paragraph 56, Defendant Baily admits he made a recommendation based on the collective decision of the tenured faculty in the Science Division to the Dean that the Plaintiff not receive a contract for the 2011-2012 school year but he did not make the decision to terminate the Plaintiff and he had no authority to terminate the Plaintiff.

57. Answering Paragraph 57, Defendants deny they acted wrongfully and deny they have caused any damages to the Plaintiff.

58. Answering Paragraph 58, Defendants deny they acted wrongfully and deny they have caused any damages to the Plaintiff.

59. Answering Paragraph 59, Defendants deny they acted wrongfully and deny they have caused any damages to the Plaintiff.

## COUNT II - VIOLATIONS TO THE MICHIGAN ELLIOTT LARSEN CIVIL RIGHTS ACT AGAINST DEFENDANT DELTA COLLEGE AND DEFENDANT BAILEY, INDIVIDUALLY

60.     Defendants incorporate herein by reference each and every Answer contained in Paragraphs 1 through 59 above as if more fully restated herein.

61.     Answering Paragraph 61, Defendants deny they acted wrongfully and deny they have caused any damages to the Plaintiff.

62.     Answering Paragraph 62, Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leaves the Plaintiff to her proofs.

63.     Answering Paragraph 63, Defendants deny the allegations and underlying allegations as untrue.

64.     Answering Paragraph 64, Defendants deny the allegations and underlying allegations as untrue.

65.     Answering Paragraph 65, Defendants deny they acted wrongfully and deny they have caused any damages to the Plaintiff.

66.     Answering Paragraph 66, Defendants deny they acted wrongfully and deny they have caused any damages to the Plaintiff.

67.     Answering Paragraph 67, Defendants deny they acted wrongfully and deny they have caused any damages to the Plaintiff.

**WHEREFORE**, your Defendants pray for a Judgment of no cause of action, together with costs, interest and attorney fees so wrongfully sustained.

## COUNT III - VIOLATIONS OF DUE PROCESS AND BREACH OF POLICY

## DISMISSED BY THE COURT ON MAY 10, 2012 [DOC. 34]

68. Defendants incorporate herein by reference each and every Answer contained in Paragraphs 1 through 67 above as if more fully restated herein.

69. Answering Paragraph 69, Defendants deny Plaintiff had a property interest protected by procedural due process. Alternatively, to the extent Plaintiff was entitled to due process, she received due process.

70. Answering Paragraph 70, Defendants deny the allegations and underlying allegations as untrue.

71. Answering Paragraph 71, Defendants deny the allegations and underlying allegations as untrue.

72. Answering Paragraph 72, Defendants deny the allegations and underlying allegations as untrue.

73. Answering Paragraph 73, Defendants deny the allegations and underlying allegations as untrue.

74. Answering Paragraph 74, Defendants deny the allegations and underlying allegations as untrue.

75. Answering Paragraph 75, Defendants deny the allegations and underlying allegations as untrue.

76. Answering Paragraph 76, Defendants deny the allegations and underlying allegations as untrue.

77. Answering Paragraph 77, Defendants deny the allegations and underlying allegations as untrue.

78. Answering Paragraph 78, Defendants deny they acted wrongfully and deny they have caused any damages to the Plaintiff.

79. Answering Paragraph 79, Defendants deny they acted wrongfully and deny they have caused any damages to the Plaintiff.

80. Answering Paragraph 80, Defendants

### COUNT IV - VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 FOR RELIGIOUS DISCRIMINATION AND RETALIATION

81. Defendants incorporate herein by reference each and every Answer contained in Paragraphs 1 through 80 above as if more fully restated herein.

82. Answering Paragraph 82, Defendants admit the allegations contained therein for the reason that they are true.

83. Answering Paragraph 83, Defendants admit the allegations contained therein for the reason that they are true.

84. Answering Paragraph 84, Defendants admit the allegations contained therein for the reason that they are true.

85. Answering Paragraph 85, Defendants deny the allegations and underlying allegations as untrue.

86. Answering Paragraph 86, Defendants admit the allegations contained therein for the reason that they are true.

87. Answering Paragraph 87, Defendants admit the allegations contained therein for the reason that they are true.

88. Answering Paragraph 88, Defendants deny the allegations and underlying allegations as untrue.

89. Answering Paragraph 89, Defendants admit and incorporate their Answer to Paragraph 44. Defendants deny the allegation as to "multiple occasions".

90. Answering Paragraph 90, Defendants state this paragraph pleads a conclusion of law to which no response is required.

91. Answering Paragraph 91, Defendants admit the Plaintiff met with the President on May 23, 2011, but neither admits nor denies that she complained as the topic of her alleged complaint is not set forth in the allegation and Defendants leave Plaintiff to her proofs. Defendants deny the remaining allegations as untrue.

92. Answering Paragraph 92, Defendants deny the allegations and underlying allegations as untrue.

93. Answering Paragraph 93, Defendants deny the allegations and underlying allegations as untrue.

94. Answering Paragraph 94, Defendants deny they acted wrongfully and deny they have caused any damages to the Plaintiff.

95. Answering Paragraph 95, Defendants deny they acted wrongfully and deny they have caused any damages to the Plaintiff.

96. Answering Paragraph 96, Defendants deny they acted wrongfully and deny they have caused any damages to the Plaintiff.

97. Answering Paragraph 97, Defendants deny they acted wrongfully and deny they have caused any damages to the Plaintiff.

98. Answering Paragraph 98, Defendants deny they acted wrongfully and deny they have caused any damages to the Plaintiff.

**WHEREFORE**, your Defendants pray for a Judgment of no cause of action, together with costs, interest and attorney fees so wrongfully sustained.

>Respectfully submitted,
>
>CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.
>
>By: /s/*Eileen K. Husband*
>33900 Schoolcraft
>Livonia, MI 48150
>Phone: (734) 261-2400
>Primary E-mail: ehusband@cmda-law.com
>P-38059
>Attorneys for Defendants

Dated: November 20, 2012

P:\jc\EKH\delta(baiyasi).atc-2nd amended.wpd

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

STEPHANIE BAIYASI,

    Plaintiff,

v

DELTA COLLEGE and DAVID
BAILEY, in his individual and official
capacity, Jointly and Severally,

    Defendants.

Case No. 1:11-cv-13094-TLL-CEB

HON. THOMAS L. LUDINGTON

_____/

VICTOR J. MASTROMARCO, JR. (P-34564)
MANDA L. DANIELESKI (P-62597)
Attorneys for Plaintiff
1024 North Michigan Avenue
Saginaw, Michigan 48602
(989) 752-1414

**CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.**
By:   **EILEEN K. HUSBAND** (P-38059)
33900 Schoolcraft
Livonia, Michigan 48150
(734) 261-2400
Attorneys for **Defendants**
_____/

### DEFENDANTS' AFFIRMATIVE DEFENSES

    **NOW COME** Defendants, DELTA COLLEGE and DAVID BAILEY, by and through their attorneys, **CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.**, by **EILEEN K. HUSBAND**, and for their Affirmative Defenses, state as follows:

    1.    Plaintiff cannot establish a prima facie case of religious discrimination or harassment.

2. Plaintiff is the proximate cause of her own alleged injuries.

3. All Defendants' decisions and actions regarding the Plaintiff's employment were based on non-discriminatory, non-retaliatory, legitimate business reasons without regard to the Plaintiff's religion.

4. Plaintiff cannot show the reasons for denying Plaintiff tenure and not reappointing her were not true, but a pretext for religious discrimination.

5. Plaintiff's religion was not a motivating factor in any employment decisions regarding the Plaintiff's employment with or separation of employment from Defendant, Delta College.

6. Plaintiff cannot establish a causal link between any alleged religious discrimination or harassment or report of any of the foregoing by Plaintiff, and any employment decision by the Defendants regarding Plaintiff's employment.

7. Assuming arguendo, Plaintiff's religion was a motivating factor in any decisions regarding Plaintiff's employment which the Defendants deny, the Plaintiff would have been denied tenure and not reappointed any way.

8. Assuming arguendo, David Bailey held a bias against Christians which the Defendants deny, Plaintiff cannot show he acted in accordance with the alleged bias in relation to any recommendations regarding Plaintiff's employment.

9. The individual Defendants were always acting in their official capacity only in good faith and have no personal liability.

10. Plaintiff cannot show that similarly situated persons have been treated differently than herself on the basis of her religion.

11. Defendant David Bailey did not make any decisions regarding Plaintiff's employment.

12. Defendant David Bailey recommended the Plaintiff for hire at Delta College. Therefore, there is a rebuttable presumption that he was not predisposed to discriminate against the Plaintiff as a Christian and Plaintiff cannot meet her burden to rebut the presumption.

13. Plaintiff cannot establish a causal link between her alleged protected activity and the decision not to grant her tenure and not to reappoint her.

14. Michigan has not recognized a cause of action for retaliatory religious harassment.

15. Plaintiff's claims are barred by laches.

16. To the extent applicable, Plaintiff's claims are barred by the applicable statute of limitations and the contractual limitations period set forth in Plaintiff's job application.

17. Plaintiff unreasonably failed to take advantage of personnel policies, preventative and corrective opportunities and remedies provided by her Defendant employer to prevent or correct the alleged discrimination and/or harassment.

18. Plaintiff failed to provide the required notice of religious discrimination in a timely manner.

19. The individual Defendants do not have vicarious liability for the alleged actions complained of.

20. There is no material issue of fact as to any claim of Plaintiff's Complaint and Defendants are entitled to summary judgment as a matter of law.

21. Plaintiff's claims for personal injuries arising out of and during the course of her employment are barred by the exclusive remedy provisions of the Michigan Workers Compensation Act.

22.     Plaintiff has failed to mitigate her damages.

23.     Defendant had no legal obligation to renew or issue the Plaintiff a new contract.

24.     Plaintiff cannot establish a prima facie case of religious discrimination under Title VII and/or the ELCRA.

25.     The Plaintiff lacks direct evidence of intentional religious discrimination.

26.     To the extent Plaintiff has pled a mixed motive case, she lacks the direct evidence of religious discrimination required to establish the claim.

27.     Plaintiff was not qualified for the positions she sought.

28.     Any alleged inappropriate remarks by David Bailey, which Defendants deny, amounted to isolated stray remarks and had no relationship to any employment decisions regarding the Plaintiff.

29.     Any alleged comments by David Bailey regarding Christians to the extent any were made, which Defendants deny, were not directed at the Plaintiff or about the Plaintiff, or in proximity of the Plaintiff, or at a time relevant to any recommendations regarding Plaintiff's employment and were not causally linked to any employment recommendations or decisions regarding the Plaintiff's employment.

30.     The Court should decline jurisdiction over Plaintiff's state law claims.

31.     Plaintiff's alleged damages are limited in whole or in part by the applicable provisions of the Tort Reform Act of 1986.

32.     Plaintiff's Count I alleging violations of the First and Fourteenth Amendments to the United States Constitution under 42 U.S.C. §1983 fails to state a claim upon which relief can be granted.

33. Defendants reserve the right to supplement these Affirmative Defenses as more information becomes known through discovery.

34. Defendants demand a response to every Affirmative Defense pled herein.

>Respectfully submitted,
>
>CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.
>
>By:   /s/*Eileen K. Husband*
>33900 Schoolcraft
>Livonia, MI  48150
>Phone:  (734) 261-2400
>Primary E-mail: ehusband@cmda-law.com
>P-38059
>Attorneys for Defendants

Dated: November 20, 2012

P:\jc\EKH\delta(baiyasi).atc-2nd amended.wpd

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

STEPHANIE BAIYASI,

    Plaintiff,

v

        Case No. 1:11-cv-13094-TLL-CEB

        HON. THOMAS L. LUDINGTON

DELTA COLLEGE and DAVID
BAILEY, in his individual and official
capacity, Jointly and Severally,

    Defendants.
                                          /

VICTOR J. MASTROMARCO, JR. (P-34564)
MANDA L. DANIELESKI (P-62597)
Attorneys for Plaintiff
1024 North Michigan Avenue
Saginaw, Michigan 48602
(989) 752-1414

**CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.**
By:    **EILEEN K. HUSBAND** (P-38059)
33900 Schoolcraft
Livonia, Michigan 48150
(734) 261-2400
Attorneys for **Defendants**
                                          /

## **DEFENDANTS' RELIANCE UPON JURY DEMAND**

    **NOW COME** Defendants, DELTA COLLEGE and DAVID BAILEY, by and through their attorneys, **CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.**, and hereby rely upon the Jury Demand previously filed by Plaintiff.

Respectfully submitted,

CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.

By: /s/*Eileen K. Husband*
33900 Schoolcraft
Livonia, MI  48150
Phone:  (734) 261-2400
Primary E-mail: ehusband@cmda-law.com
P-38059
Attorneys for Defendants

Dated: November 20, 2012

---

**CERTIFICATE OF SERVICE**

I hereby certify that on November 20, 2012, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:  Victor Mastromarco and Manda Danieleski

s/Eileen K. Husband
Cummings, McClorey, Davis & Acho, P.L.C.
33900 Schoolcraft
Livonia, Michigan  48150
Phone:  (734) 261-2400
Primary E-mail: ehusband@cmda-law.com
P 38059

---

P:\jc\EKH\delta(baiyasi).atc-2nd amended.wpd

2